UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARY BENSON,

        CASE NO.:

    Plaintiff,

vs.

TRAIME BEHAVORIAL HEALTH, INC., A GEORGIA CORPORATION, AND VALENCIA JACKSON, INDIVIDUALLY,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MARY BENSON, by and through the undersigned attorney, sues the Defendants, TRAIME BEHAVORIAL HEALTH, INC., a Georgia Corporation, and VALENCIA JACKSON, Individually, and alleges:

1. Plaintiff was an employee of Defendants and brings this action for unpaid overtime compensation, liquidated damages, retaliation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## GENERAL ALLEGATIONS

2. Plaintiff worked for Defendants from June 2013 until she was

terminated on February 3, 2015.

3. Plaintiff worked for Defendants in Cobb County, Georgia as a substance abuse counselor and was paid by the hour.

4. Defendant, TRAIME BEHAVORIAL HEALTH, INC., is a Georgia Corporation that operates and conducts business in Cobb County, Georgia and is within the jurisdiction of this Court.

5. At all times relevant to this action, VALENCIA JACKSON was an individual resident of the State of Georgia, who owned and operated TRAIME BEHAVORIAL HEALTH, INC., and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of TRAIME BEHAVORIAL HEALTH, INC. By virtue of having regularly exercised that authority on behalf of TRAIME BEHAVORIAL HEALTH, INC., VALENCIA JACKSON is an employer as defined by 29 U.S.C. § 201, et seq.

6. This action is brought under the FLSA to recover damages from Defendants for unpaid overtime compensation, retaliation, liquidated damages, and reasonable attorneys' fees and costs.

7. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA

pursuant to 28 U.S.C. §2201 et seq.

8. During Plaintiff's employment with Defendants, Defendant, TRAIME BEHAVORIAL HEALTH, INC., earned more than $500,000.00 per year in gross sales.

9. During Plaintiff's employment with Defendants, Defendant, TRAIME BEHAVORIAL HEALTH, INC., employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

10. Included in such goods, materials and supplies were office equipment and furniture, telephones, computers, vehicles, as well as numerous other goods, materials and supplies which had been carried in interstate commerce.

11. Therefore, Defendant, TRAIME BEHAVORIAL HEALTH, INC., is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA Violations

12. At all times relevant to this action, Defendants failed to comply with the FLSA by failing to pay Plaintiff overtime compensation for all overtime hours worked by her as well as by terminating her in retaliation for complaining about her unpaid overtime wages.

13. During her employment with Defendants, Plaintiff routinely worked overtime hours to finish her job duties as a substance abuse counselor.

14. Defendants were aware that Plaintiff worked these overtime hours, yet Defendants failed to pay her overtime compensation for all of these overtime hours worked.

15. In fact, in December 2014, Plaintiff attempted to be paid for all hours worked in her work week but Defendants altered the timesheet and refused to pay Plaintiff for the overtime hours worked.

16. Plaintiff objected to Defendants' payment practice and nonpayment of overtime hours worked.

17. Defendants have violated the FLSA by failing to pay proper and complete overtime compensation to Plaintiff for all overtime hours worked.

18. Additionally, Defendants have retaliated against Plaintiff by terminating her in response to her asking to be paid for all overtime hours worked.

19. Plaintiff, through counsel, originally sent a demand letter to Defendants on August 14, 2014.

20. On December 16, 2014, Plaintiff, through counsel, sent a settlement offer to Defendants in an attempt to resolve this dispute.

21. On December 19, 2014, an attorney representing Defendants communicated with Plaintiff's counsel at the time, requesting additional time to review the demand over the holidays.

22. Subsequently, even though Plaintiff had worked for Defendants for over a year and a half without disciplinary issues, Defendants began to put Plaintiff on "corrective action plans" on December 31, 2014, and on January 28, 2015.

23. Prior to December 2014, Plaintiff was not previously placed under a "corrective action plan."

24. Plaintiff never received negative performance evaluations prior to December 2014.

25. Plaintiff never previously received written warnings prior to December 2014.

26. Prior to December 2014, Plaintiff's work performance was always assessed as being, at the very least, satisfactory in all written performance evaluations.

27. Defendants refused to accept Plaintiff's time sheet submitted for the week of December 8, 2014 to December 12, 2014 that indicated that she worked overtime.

28. Defendants' "corrective action plans" were pretextual in nature and were made in retaliation to Plaintiff's engagement in a protected activity and seeking monetary damages to compensate her for all overtime hours worked by her.

29. Ultimately, Defendants fired Plaintiff on February 3, 2015.

30. Defendants, in violation of the FLSA, fired Plaintiff in retaliation for her claim to be paid the overtime compensation earned by her.

31. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

32. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-31 above.

33. Plaintiff was a non-exempt employee who was entitled to be paid overtime compensation for overtime hours worked by her.

34. During her employment with Defendants, Plaintiff routinely worked overtime hours but was not paid proper overtime compensation for these hours worked by her. *See* ¶¶ 12-16.

35. Defendants did not have a good faith basis for their actions in failing to pay Plaintiff proper overtime compensation.

36. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff proper overtime compensation, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

37. As a result of Defendants' willful violation of the FLSA, Plaintiff is

entitled to liquidated damages.

38. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, MARY BENSON, demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## **COUNT II - RETALIATION**

39. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-31 above.

40. After Plaintiff demanded her unpaid overtime compensation be paid to her, Defendants responded by placing Plaintiff on pretextual "corrective action plans" in an attempt to justify Defendants' eventual termination of Plaintiff.

41. On February 3, 2015, Defendants fired Plaintiff due to her repeated requests to be paid her full overtime pay.

42. Defendants have discriminated against Plaintiff because she was inquiring about Defendants' failure to pay her proper overtime pay.

43. Defendants' discharge of Plaintiff is discrimination and retaliation against Plaintiff in violation of 29 U.S.C. §215(a)(3).

44. As a direct and proximate result of Defendants' unlawful conduct,

Plaintiff has been damaged.

45. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, MARY BENSON, demands judgment against Defendants for damages including, but not limited to, reimbursement of an amount equal to the loss of wages and other benefits lost, liquidated damages, together with costs and attorneys' fees, compensatory and emotional distress damage, and such further relief that this Court determines to be just and appropriate, including any and all injunctive relief this Court deems just and proper.

Dated this 27th day of February, 2015.

**/s/ C. RYAN MORGAN**
C. Ryan Morgan, Esq.
Georgia Bar No. 711884
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:  (407) 420-1414
Facsimile:   (407) 245-3401
Email:         RMorgan@forthepeople.com
*Attorney for Plaintiff*